IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CORY CHARLES WEISE,**

    Defendant.

Case No. 6:14-cr-00310-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Cory Charles Weise moves for compassionate release because of the rapidly evolving COVID-19 pandemic. Because Mr. Weise remains a danger to the community, Mr. Weise's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 46, is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Weise's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Weise is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

Mr. Weise is serving a 120-month sentence and has less than two years left on that term. Def.'s Mot. to Reduce Sentence 2, ECF No. 46. Mr. Weise is serving his prison term in FCI Lompoc, which at one point had the highest rate of COVID-19 infection of any Bureau of Prison facility in the United States. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. Mr. Weise is also only 39 years old and suffers from multiple health concerns, including morbid obesity, high cholesterol, and he is pre-diabetic. Because of the ongoing COVID-19 pandemic and Mr. Weise's underlying health conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Weise's has met the extraordinary and compelling reasons criteria, Mr. Weise has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

In 2013, the Eugene Police Department began investigating Mr. Weise after he assaulted two victims. Pre-Sentence Report ("PSR") ¶ 54, ECF No. 29. One of these victims was hospitalized with multiple stab wounds. *Id.* After obtaining and executing a search warrant on Mr. Weise's home, the Eugene Police Dapartment found two firearms and narcotics. PCR ¶ 14. Mr. Weise was subsequently charged on two counts of unlawfully and knowingly possessing a Schedule II controlled substance with intent to distribute and being a felon-in-possession of a firearm, to which he pleaded guilty. PSR ¶¶ 1–3. This was not Mr. Weise's first conviction. *See* PSR, Part B ¶¶ 37–48. For these reasons, the Court agrees with the Government that Mr. Weise has failed to demonstrate that he is no longer a danger to the community. Resp. to Def.'s Mot. for Compassionate Release 4–5, ECF No. 50.

Because of his long and often violent criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Weise. The Court thus finds that Mr. Weise remains a danger to the community.

3 – OPINION AND ORDER

## CONCLUSION

Mr. Weise's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 46, is DENIED.

IT IS SO ORDERED.

DATED this 10th day of February, 2021.

    _s/Michael J. McShane_____
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER